## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Northern Division

| | |
|---|---|
| **THE BALTIMORE CITY LODGE NO. 3 OF THE FRATERNAL ORDER OF POLICE, INC., GENE S. RYAN, PRESIDENT,** | * |
| | * |
| | * |
| 300 East Lombard Street, Suite 1100 Baltimore, Maryland 21202 | * |
| and | * |
| **KENNETH B. BUTLER,** | * |
| 300 East Lombard Street, Suite 1100 Baltimore, Maryland 21202 | * |
| | * |
| and | * |
| **WILLIAM E. MACDONALD,** | * |
| | * |
| 300 East Lombard Street, Suite 1100 Baltimore, Maryland 21202 | * |
| and | * |
| **JONATHAN S. GLAZERMAN** | * |
| 300 East Lombard Street, Suite 1100 Baltimore, Maryland 21202 | * |
| | * |
| *Plaintiffs*, | * |
| **v.** | * |
| **BALTIMORE POLICE DEPARTMENT** | * |
| | * |

**Civil Action Number:** _____

*Serve on:*
*Glenn Marrow*
Baltimore City Law Department
100 N. Holliday Street, Suite 101
Baltimore, Maryland 21202

|  | * |
| *and* | |
|  | * |
| **MAYOR AND CITY COUNCIL** | |
| **OF BALTIMORE** | * |
|  | |
| *Serve on:* | * |
| *David Ralph* | |
| Baltimore City Law Department | * |
| 100 N. Holliday Street, Suite 101 | |
| Baltimore, Maryland 21202 | * |
|  | |
| *Defendants.* | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

Plaintiffs, Gene S. Ryan, on behalf of the Baltimore City Lodge No. 3 of Fraternal Order of Police, Inc., (the "FOP") and its active, retired and former Members, Baltimore Police Lieutenant Kenneth B. Butler, Baltimore Police Sergeant William E. MacDonald, and Baltimore Police Detective Jonathan S. Glazerman (collectively, "Plaintiffs")[1], through their attorneys Aaron A. Nichols, Michael E. Davey and Schlachman, Belsky & Weiner, P.A., file this Complaint and Request for Declaratory Judgment, suing Defendants, the Baltimore Police Department (the "Department") and the Mayor and City Council of Baltimore (the "City" or collectively, "Defendants"). Plaintiffs, upon information and belief and in support of this pleading, state the following:

## INTRODUCTION

1.       Plaintiffs file this instant action in response to Defendants' continuous and deliberate violations of the Fair Labor Standards Act ("FLSA").

---

[1]       Plaintiffs also will be collectively referred to as "Officer(s)," "Member(s)" or the "FOP."

2.      The sworn men and women of the Baltimore Police Department work tirelessly to keep Baltimore City safe.  At any given moment Officers can be faced with situations requiring life-altering, split second decisions—decisions that can lead to heroism or national scrutiny.  Defendants, as they should, expect the very best from these Officers and the Officers unwaveringly accept the day-to-day challenges required to meet these expectations.  To that end, and in light of current and substantial manpower issues within the Department, Plaintiffs are required to work many hours of overtime.  Plaintiffs simply ask to be compensated for overtime hours in accordance with all laws.  The FOP several times has attempted to work with Defendants to correct the overtime calculation errors—both informally and formally through the parties' grievance process—all with no avail.  Plaintiffs, as a result, respectfully file this action.

## JURISDICTION & VENUE

3.      This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 by alleging violations of the FLSA, codified at 29 U.S.C. § 201, *et seq.,* and the Code of Federal Regulations ("CFR"), 29 C.F.R. 778.415.

4.      Venue is proper pursuant 28 U.S.C. § 1391 because all Defendants are residents of the State of Maryland and the acts and omissions giving rise to Plaintiffs' claims occurred and continue to occur in the State of Maryland, specifically, Baltimore City.

## PARTIES

5.      Plaintiff, Gene S. Ryan, is the President of the FOP and is acting on behalf of its active, retired and former Members, all of whom are or were employees of the Department.

6.      The Baltimore City Lodge No. 3 of Fraternal Order of Police, Inc. is a Maryland corporation that is designated as the exclusive representative of Baltimore Police Officers holding the ranks of police officer, police agent, flight officer, police sergeant, and police lieutenant.

7.      Plaintiff, Baltimore Police Lieutenant Kenneth B. Butler, is employed by the Department and has been for over thirty-three years and is a sworn law enforcement officer as defined by the Law Enforcement Officers' Bill of Rights (the "LEOBR"); MD. CODE ANN., PUB. SAFETY § 3-101 (e)(ii)(11).

8.      Plaintiff, Baltimore Police Sergeant William E. MacDonald, is employed by the Department and has been for over twenty-four years and is a sworn law enforcement officer as defined by LEOBR § 3-101 (e)(ii)(11).

9.      Plaintiff, Baltimore Police Detective Jonathan S. Glazerman, is employed by the Department and has been for over twelve years and is a sworn law enforcement officer as defined by LEOBR § 3-101 (e)(ii)(11).

10.     All Plaintiffs are or were considered to be "employees" of Defendants pursuant to 29 U.S.C. § 203 (e).

11.     Defendant, Baltimore Police Department, maintains a principal place of business and regularly carries out business in Baltimore City, Maryland.

12.     Defendant, Mayor and City Council for Baltimore, is a chartered Municipal Corporation under Maryland Code Annotated Articles 23A and 23B, and is responsible for the operation of the Baltimore Police Department and its employees.  The City is an "employer" as defined by 29 U.S.C. § 203 (d).

## COLLECTIVE ACTION ALLEGATIONS

13.     All Plaintiffs are similarly situated as described by 29 U.S.C. § 216 (b).  Defendants' violations, as described herein, negatively affect each Plaintiff in the same manner.  This action is brought by Plaintiffs as a collective action, on their own behalf and on behalf of all others similarly situated, under the provisions of 29 U.S.C. § 216, for damages, a three year statute of limitations, and relief incident and subordinate thereto, including costs and attorney fees.

14.     The exact number of FOP Members similarly situated is unknown at this time, however, Plaintiffs estimate there to be more than 2,600 members in the collective group.  Accordingly, joinder of all such plaintiffs is impracticable.

15.     Those individuals similarly situated constitute a well-defined community of interest in their respective questions of law and fact.  Plaintiffs' claims are typical of the claims of those similarly situated. The represented parties will fairly and adequately reflect and represent the interests of the class.

16.     This collective action relates to common questions of law and fact that affect the rights of each member, including whether Defendant failed to fully compensate Plaintiffs for all overtime hours worked. The relief sought, therefore, is common to the entire class.

17.     Plaintiffs' claims and those similarly situated depend on a showing of Defendants' acts and omissions giving rise to Plaintiffs' right to the relief sought herein. There is no foreseeable conflict between any member of this collective action.

18.     This action is properly maintained as a collective action in that the prosecution of separate actions by individual members of the collective group would create a risk of adjudications with respect to individual members of the class which may as a practical matter be dispositive of the interests of the other

5

members not parties to the adjudications, or may substantially impair or impede their ability to protect their interests.

19.     Plaintiffs' counsel, Schlachman, Belsky & Weiner, P.A., will conduct and be responsible for Plaintiffs' case herein.   Plaintiffs' attorneys are experienced and capable litigants with an understanding of the Fair Labor Standards Act and Labor and Employment litigation.  Plaintiffs' counsel also has intimate knowledge and experience with law enforcement agencies in the State of Maryland. Plaintiffs' attorneys successfully have represented claimants in other similar litigation.

20.     Plaintiffs contend that all prerequisites, standards and conditions are met under FED. RULES CIV. PROC. R. 23 to allow Plaintiffs to certify class.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

21.     There are two Memoranda of Understanding ("MOUs") that apply to Baltimore Police Officers.  Unit I employees are Police Officers, Police Agents and Flight Officers.  Unit II employees are Police Sergeants and Police Lieutenants.  *See Relevant portions of MOUs, attached hereto as* **Exhibit A**. Both MOUs became effective on July 1, 2013, and remain in full force and effect.

22.     Both MOUs include the same shift descriptions and distinguish between Non-Patrol and Patrol Assignments.[2]   Despite Plaintiffs being divided into Patrol and Non-Patrol Assignments, Defendants' FLSA violations impact all officers in the same manner.  Plaintiffs, however, will illustrate the similarities and differences between the two categories of Officers and different ranks.

### I.     *Police Lieutenant Kenneth B. Butler – Patrol Assignment, Unit II MOU*

23.     Plaintiffs use Lt. Butler's Earnings Statements to illustrate the allegations raised against Defendants for all Plaintiffs who received and continue to receive overtime pay in accordance Patrol

---

[2]        Officers are not designated to Patrol or Non-Patrol Assignments based on which MOU applies to their rank.

Assignments. *See Butler Earnings Statement attached hereto as* **Exhibit B**.  As such, Plaintiffs allege that the same calculations apply to all other Plaintiffs who have worked and continue to work overtime in a Patrol Assignment.

24.    The following language, included in both MOUs, defines the hours worked and overtime for Patrol Assignments:

1.  The work schedule for employees in the Neighborhood Patrol Bureau shall be four (4) days of work in a calendar workweek (Sunday-Saturday) at 10.6 hours (10 hours and 36 minutes) per day. All time worked in excess of ten (10) hours and thirty-six (36) minutes or in excess of four (4) days shall be compensated at overtime rates. A Side-Letter Agreement setting forth the scheduled shift times and a copy of the schedule and leave groups is attached herewith as Addendum J.

2.  The work period for patrol employees shall be 28 days.

3.  Shifts B and C shall rotate on a twenty-eight (28) day basis pursuant to Addendum J. Shifts A and D shall be permanent.

4.  There shall be four (4) leave groups from which H days[3] shall be determined, and parties have agreed upon a chart/schedule setting forth the various leave groups.

5.  Roll call will begin at the top of the hour for all employees in the Neighborhood Patrol Bureau. Employees working in the Neighborhood Patrol Bureau (4-day week) shall be paid for 10 hours and 24 minutes (10.41 hours) each day.

6.  Each year prior to January 1, employees in the Neighborhood Patrol Bureau will have the ability to sign up for their respective shift and leave group. The choice of shift and leave group will be based on seniority of officers.

**Exhibit A** at 14-15.

25.    Lt. Butler's "regular rate" of pay, pursuant to MOU II, is calculated by taking his yearly salary, dividing it by twenty-six (26) pay periods, and dividing that result by 83.34 hours per pay period (10.41[4] (hours compensated per day) multiplied by 8 (work days in a pay period)):

---

[3]        "H days" are regularly scheduled days off.
[4]        Defendants, despite the MOU's language, actually use 10.4175 in calculating Officers' regular hours per pay period.

| Salary | = | $110,618 |
| Pay Periods | = | 26 |
| Hours in Work Week | = | 83.34 |
| | | |
| $110,618 / 26 | = | $4,254.5384 |
| **$4,254.5384 / 83.34** | **=** | **$51.0504 – Regular Hourly Rate** (*See* **Exhibit B**) |

26.     Lt. Butler's hourly "regular rate," as defined in his Earnings Statement, is $51.0504.

27.     Lt. Butler's "overtime rate," as defined in his Earnings Statement, is $74.2050.[5]  This overtime rate is less than one and one-half times Lt. Butler's regular rate at which he is employed. Specifically, Lt. Butler's overtime rate, as listed in his Earnings Statement, is $2.3706  less per hour than his regular rate multiplied by one and one-half:

| Regular Rate | = | $51.0504 |
| Overtime Rate | = | 1.5 |
| | | |
| $51.0504 x 1.5 | = | $76.5756 |
| $76.5756 – 74.2050 | = | $2.3706 |

28.     As of the date of this Complaint, Lt. Butler, therefore, is paid $2.3706 less per overtime hour worked.  Accordingly, Lt. Butler, for the 9.23 hours of overtime worked during the pay period evidenced in **Exhibit B**, would have received $21.87 more if his regular rate was multiplied by one and one-half.

29.     To the best of Plaintiffs' information and belief, Defendants have calculated Lt. Butler's overtime rate in this manner for no less than three years from the date of this Complaint.

30.     To the best of Plaintiffs' information and belief, each Plaintiff who has worked in a Patrol Assignment has received overtime pay in accordance with the above calculation.

**II.     *Police Sergeant William E. MacDonald – Non-Patrol Assignment, Unit II MOU***

---

[5]     Plaintiffs' do not know what figures were used to calculate this overtime rate.

31.      Plaintiffs use Sgt. MacDonald's Earnings Statements to illustrate the allegations raised against Defendants for all Plaintiffs who received and continue to receive overtime pay in accordance with Non-Patrol Assignments.  *See MacDonald Earnings Statement attached hereto as* **Exhibit C**.  As such, Plaintiffs allege that the same calculations apply to all other Plaintiffs who have worked and continue to work overtime in a Non-Patrol Assignment.

32.      The following language, included in both MOUs, defines the hours worked and overtime for Non-Patrol Assignments:

1.   Employees may not be required to work more than five (5) work days in the established seven (7) day work period (Sunday to Saturday) at straight time rates.

2.   The workday for employees in non-patrol assignments shall consist of eight (8) hours and thirty-six (36) minutes, including roll call and a ½-hour lunch.  All time worked in excess of eight (8) hours and thirty-six (36) minutes or in excess of five (5) days shall be compensated at overtime rates.

3.   Roll call will begin twenty-one (21) minutes before the eight (8) hour tour. No additional compensation shall be paid for work performed during the first fifteen (15) minutes after the tour. Accordingly, employees in Non-Patrol Assignments shall be compensated for 8.33 hours each day.

**Exhibit A** at 14.

33.      Sgt. MacDonald's "regular rate" of pay, pursuant to MOU II, is calculated by taking his yearly salary, dividing it by twenty-six (26) pay periods, and dividing that result by 83.34 hours per pay period (8.33 (hours compensated per day) multiplied by 10 (work days in a pay period)):

| | | |
|---|---|---|
| Salary | = | $95,689 |
| Pay Periods | = | 26 |
| Hours in Work Week | = | 83.34 |
| | | |
| $95,689 / 26 | = | $3,680.3461 |
| **$3,680.3461 / 83.34** | **=** | **$44.1606 = Regular Hourly Rate** (*See* **Exhibit C**) |

34.      Sgt. MacDonald's hourly "regular rate," as defined in his Earnings Statement, is $44.1606.

35.     Sgt. MacDonald's "overtime rate," as defined in his Earnings Statement, is $64.1850.  This overtime rate is less than one and one-half times Sgt. MacDonald's rate at which he is employed. Specifically, Sgt. MacDonald's overtime rate, as listed in his Earnings Statement, is $2.0559 less per hour than his regular rate multiplied by one and one-half:

| Regular Rate | = | $44.1606 |
| Overtime Rate | = | 1.5 |
| | | |
| $44.1606 x 1.5 | = | $66.2409 |
| $66.2409 – 64.1850 | = | $2.0559 |

36.     As of the date of this Complaint, Sgt. MacDonald, therefore, is paid $2.0559 less per overtime hour worked.  Accordingly, Sgt. MacDonald, for the 16.00 hours of overtime worked during the pay period evidenced in **Exhibit C**, would have received $67.90 more if his regular rate was multiplied by one and one-half.

37.     To the best of Plaintiffs' information and belief, Defendants have calculated Sgt. MacDonald's overtime rate in this manner for no less than three years from the date of this Complaint.

38.     To the best of Plaintiffs' information and belief, each Plaintiff who has worked overtime in a Non-Patrol Assignment has received overtime pay in accordance with the above calculation.

### III.     *Police Detective Jonathan Glazerman – Patrol Assignment, Unit I MOU*

39.     Plaintiffs use Det. Glazerman's Earnings Statements to illustrate the allegations raised against Defendants for all Plaintiffs who received and continue to receive overtime pay in accordance with Patrol Assignments.  *See Glazerman Earnings Statement attached hereto as* **Exhibit D**.  As such, Plaintiffs allege that the same calculations apply to all other Plaintiffs who have worked and continue to work overtime as an officer during a Patrol Assignment.

40.     Hours worked by Officers in Patrol Assignments are subject to the same MOU provisions listed in above at paragraph 24.  *See* **Exhibit A** at 14-15.

41.     Det. Glazerman's "regular rate" of pay, pursuant to MOU I, is calculated by taking his yearly salary, dividing it by twenty-six (26) pay periods, and dividing that result by 83.34 hours per pay period (10.41[6] (hours compensated per day) multiplied by 8 (work days in a pay period)):

| | | |
|---|---|---|
| Salary | = | $73,834 |
| Pay Periods | = | 26 |
| Hours in Work Week | = | 83.34 |
| | | |
| $73,834 / 26 | = | $2,839.7682 |
| **$2,839.7682 / 83.34** | **=** | **$34.0745 – Regular Hourly Rate** (*See* **Exhibit D**) |

42.     Det. Glazerman's hourly "regular rate," as defined in his Earnings Statement, is $34.0745.

43.     Det. Glazerman's "overtime rate," as defined in his Earnings Statement, is $50.2200.[7]  This overtime rate is less than one and one-half times Det. Glazerman's regular rate at which he is employed. Specifically, Det. Glazerman's overtime rate, as listed in his Earnings Statement, is $0.8917 less per hour than his regular rate multiplied by one and one-half:

| | | |
|---|---|---|
| Regular Rate | = | $34.0745 |
| Overtime Rate | = | 1.5 |
| | | |
| $34.0745 x 1.5 | = | $51.1118 |
| $51.1118 – 50.2200 | = | $0.8917 |

44.     As of the date of this Complaint, Det. Glazerman, therefore, is paid $0.8917 less per overtime hour worked.  Accordingly, Det. Glazerman, for the 35.97 hours of overtime worked during the pay period evidenced in **Exhibit D**, would have received $32.08 more if his regular rate was multiplied by one and one-half.

---

[6]     Defendants, despite the MOU's language, actually use 10.4175 in calculating Officers' regular hours per pay period.
[7]     Plaintiffs' do not know what figures were used to calculate this overtime rate.

45.     To the best of Plaintiffs' information and belief, Defendants have calculated Det. Glazerman's overtime rate in this manner for no less than three years from the date of this Complaint.

46.     To the best of Plaintiffs' information and belief, each Plaintiff who has worked overtime in a Patrol Assignment has received overtime pay in accordance with the above calculation.

### IV.     *August 2014 through October 2014*

47.     Some time before September 2014, the FOP brought to Defendants' attention an allegation that Officers were not being paid an overtime rate of one and one-half times Officers' regular rate of pay.

48.     Defendants, in response to this allegation, corrected its miscalculation by paying Officers one and one-half times Officers' regular rate of pay.[8]  This correction was reflected in Officers' Earning Statements from August 21, 2014, through October 15, 2014.

49.     On October 17, 2014, the FOP filed a grievance with Defendants stating the following:

> The FOP is filing this grievance on behalf of the bargaining units, Unit I and II who had their overtime rate of pay improperly calculated by the City of Baltimore (COB). The COB agreed they had been miscalculating the overtime rate of pay, in fact, on September 19, 2014[9]; the COB corrected their error and began paying FOP members the correct rate of overtime pay. The FOP is requesting the COB to recalculate all affected member's overtime rate of pay for the last three year[s] prior to correcting their mistake.

*See FOP Grievance attached hereto as* **Exhibit E**.

50.     Defendants, after receiving the FOP's grievance and for the pay period beginning on October 30, 2014, reverted Officers' overtime rates back to what they were before the pay period beginning on August 21, 2014; a rate less than one and one-half times their regular rate of pay.

---

[8]     Although Defendants did change Officers' overtime rates, Defendants did not fully correct Officers' overtime rates because their regular rate was not multiplied by one and one-half.  Sgt. MacDonald's overtime rate, for instance, was calculated by multiplying his regular rate by 1.4997, instead of 1.5. *See* allegations *infra.*

[9]     The first pay period to reflect the change actually began on August 21, 2014.

51.     Using Sgt. MacDonald's Earnings Statements, the following illustrates Defendants' actions from August 2014 through October 2014:

**Earning Statement for pay period of August 7, 2014, through August 20, 2014:**

| | | |
|---|---|---|
| Regular Rate per hour: | $40.9269 | |
| Overtime Rate per hour: | $59.6850 | Prior to FOP Complaint |
| Multiplier used to calculate OT rate[10]: | **1.4583**[11] | |

**Earning Statements for pay periods of August 21, through October 15, 2014:**

| | | |
|---|---|---|
| Regular Rate per hour: | $40.9269 | |
| Overtime Rate per hour: | $61.3800 | Proper OT Calculation |
| Multiplier used to calculate OT rate: | **1.4997**[12] | |

**Earning Statement for pay period of October 30, 2014, through November 12, 2014:**

| | | |
|---|---|---|
| Regular Rate per hour: | $41.2947[13] | |
| Overtime Rate per hour: | $60.0300 | Post FOP Grievance |
| Multiplier used to calculate OT rate: | **1.4536**[14] | |

*See Earnings Statements attached hereto as* **Exhibit F**.

## V.     *Defendants' Explanation*

52.     The FOP, some time before March 15, 2016, again contacted Defendants in regard to the calculation of overtime.  On March 15, 2016, Defendants responded to Plaintiffs' inquiry with the following:

---

[10]     Pursuant to the FLSA, this multiplier must not be less than one and one-half or 1.5.
[11]     $59.6850 ÷ 40.9269 = 1.4583.
[12]     $61.3800 ÷ 40.9269 = 1.4997.  This equates to a $1.695 per hour difference in overtime rates: $61.3800 – 59.6850 = $1.695.
[13]     Sgt. MacDonald receive a raise before this pay period.
[14]     $60.0300 ÷ 41.2947 = 1.4536.  Notably, Sgt. MacDonald received a raise which lowered his overtime rate even further than what it was in August of 2014: 1.4583 – 1.4536 = 0.0047.

This is the formula for the OT Rate:

As a result of BPD and the City of Baltimore being asked to perform a recalculation of compensation by various parties, a comprehensive review of the payroll system and the MOU between the FOP III and the City was done. As the payroll system was inconsistent with the MOU, adjustments were made.[15] The workday used in the calculation was adjusted to be eight (8) hours and thirty-six (36) minutes (or 8.6 hours) as defined in the MOU (Article 11), not the eight (8) hours and twenty (20) minutes ( or 8.33 hours) previously used. The current paycheck reflects this recalculation of overtime rates.

When calculating the overtime rate, one should divide the annual salary by the annual workday hours (8.6 hours X 10 working days per pay period X 26 pay periods).

For example, a Police Officer at Step 20 earns an annual salary of $75,178. The calculation of this Officer's overtime rate is as follows:

$$1.5 \text{ x } (\$75,178) / (8.6 \text{ x } 10 \text{ x } 26)$$

$$= 1.5 \text{ x } (\$75,178) / (86 \text{ x } 26)$$

$$= 1.5 \text{ x } (\$75,178) / (2,236)$$

$$= 1.5 \text{ x } (\$33.62)$$

$$= \$50.43$$

*See 3.15.16 Email attached hereto as* **Exhibit G**.

53.    Defendants, for its overtime calculation example, did not calculate or identify the hypothetical officer's regular rate.  Plaintiffs allege, nonetheless, that Defendants' "formula for the OT Rate" is less than one and one-half times the hypothetical officer's regular rate:

| | | |
|---|---|---|
| Salary | = | $75,178 |
| Pay Periods | = | 26 |
| Hours in Work Week | = | 83.34 |
| | | |
| $75,178 / 26 | = | $2,891.4615 |
| **$2,891.4615 / 83.34** | **=** | **$34.6948 – Hypothetical Regular Hourly Rate** |

---

| | | |
|---|---|---|
| Regular Rate | = | $34.6948 |
| Overtime Rate | = | 1.5 |

---

15        Plaintiffs are not aware of what "adjustments" were made.

$34.6948 x 1.5 = $52.0422
$52.0422 – 50.4325[16] = $1.6097

| | |
|---|---|
| Regular Rate per hour: | $34.6948 |
| Overtime Rate per hour: | $50.4325 |
| Multiplier used to calculate OT rate: | **1.4536**[17] |

## COUNT I – Fair Labor Standards Act – 29 U.S.C. § 201, *et seq.*

*(All Defendants)*

54.     Plaintiffs adopt and incorporate by reference paragraphs 1 through 53 above as if fully set forth herein.

55.     Pursuant to Article 11 of the MOUs, non-patrol assignment Plaintiffs are to receive overtime payment for any hours worked in excess of 8.6 hours.  **Exhibit A** at 14-15.  Non-patrol assignments do not compensate Officers for the first 15 minutes after their shift ends (after 8.33 hours of work).  Non-patrol assignments, accordingly, receive compensation for 8.33 hours each work day.

56.      Pursuant to Article 11 of the MOUs, patrol assignment Plaintiffs are to receive overtime payment for any hours worked in excess of 10.6 hours.  **Exhibit A** at 15.  Non-patrol assignments do not compensate Officers for the first 12 minutes after their shift ends (after 10.41 hours of work).  Non-patrol assignments, accordingly, receive compensation for 10.41 hours each work day.

57.     Plaintiffs' "regular rate" is defined based upon what happens under the provisions of the MOU.   Defendants illustrate Plaintiffs' regular rate in all Earning Statements, which reflects the rate actually paid to the employee for the normal, non-overtime workweek for which he is employed.  In other

---

[16]     Overtime Rate per Defendants' hypothetical to the exact decimal point.  *See* **Exhibit G**.
[17]     $50.4325÷ 34.6948= 1.4536, less than the one and one-half required by the FLSA.

words, Plaintiffs' regular rate is computed by dividing the salary by the number of hours which the salary is intended to compensate. As such, Plaintiffs do not dispute Defendants' calculation of Officers' regular rates.

58.     Defendants are in violation of the FLSA 29 U.S.C. § 201, *et seq.*, because Defendants have failed to compensate Plaintiffs at an overtime rate of no less than one and one-half times Plaintiffs' regular rate of pay. 29 U.S.C. § 207 (a)(1); (a)(2)(C).

59.     Defendants' FLSA violations were, and continue to be, willful and reckless.

60.     Defendants, after being made aware of their violations, willfully refuse to comply with the FLSA. Defendants, with the exception of the pay periods starting August 21, 2014, and ending October 15, 2014, continuously have violated the FLSA by compensating Officers at an overtime rate of less than one and one-half times their regular rate of pay.

**WHEREFORE,** Plaintiffs, Gene S. Ryan, on behalf of the Baltimore City Lodge No. 3 of Fraternal Order of Police, Inc. and its active, retired and former Members, Kenneth B. Butler, William MacDonald, and Jonathan S. Glazerman, respectfully request the following:

**A.**     That this Honorable Court, with reference to FED. RULES CIV. PROC. R. 23, certify Plaintiffs as a collective class pursuant to 29 U.S.C. § 216.

**B.**     That this Honorable Court certify Aaron A. Nichols, Michael E. Davey and Schlachman, Belsky & Weiner, P.A. as lead and class counsel pursuant to FED. RULES CIV. PROC. R. 23 (g).

**C.**     That this Honorable Court declare that Defendants' actions are in violation of the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*, depriving Plaintiffs, and all future opt-in Plaintiffs, of their rights, protections and entitlements under the FLSA;

**D.**     That Plaintiffs and all future opt-in Plaintiffs be awarded damages pursuant to 29 U.S.C. § 216 (b) including, but not limited to, unpaid overtime and interest in an amount to be determined at trial and liquidated damages;

**E.**     That such judgment be entered against Defendants jointly and severally;

**F.**     That this Honorable Court declare that Defendants' actions to be willful and/or reckless violations of the FLSA 29 U.S.C. § 201, *et seq*., entitling Plaintiffs to a three-year statute of limitations;

**G.**     That this Honorable Court grant Plaintiffs and all future opt-in Plaintiffs injunctive relief, ordering Defendants to cease and desist from engaging in declared FLSA violations;

**H.**     That this Honorable Court award Plaintiffs and all future opt-in Plaintiffs reasonable attorneys' fees pursuant to 29 U.S.C. § 216 (b); and

**I.**     That this Honorable Court award Plaintiffs and all future opt-in Plaintiffs costs incurred as a result of this proceeding and any additional relief this Honorable Court deems just and proper.

*Respectfully Submitted,*


_____/s/_____
**AARON A. NICHOLS, ESQ.     BAR NO.: 19563**
**MICHAEL E. DAVEY, ESQ.     BAR NO.: 29188**
*Schlachman, Belsky & Weiner, P.A.*
300 East Lombard Street**,** Suite 1100
Baltimore, Maryland 21202
Phone:     410.685.2022
Fax:        410.783.4771
Email:     anichols@sbwlaw.com
Email:     mdavey@sbwlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ **day of** _____**, 2016**, a true copy of the foregoing Response in Opposition to Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment was filed in accordance with the Electronic Filing Requirement and Procedures as established by the U.S. District Court for the District of Maryland so that all counsel of record are being served by the Court's electronic filing system.

**The Baltimore Police Department**
*Glenn Marrow*
Baltimore City Law Department
100 N. Holliday Street, Suite 101
Baltimore, Maryland 21202

**Mayor and City Council for Baltimore City**
*David Ralph, Interim City Solicitor*
Baltimore City Law Department
100 N. Holliday Street, Suite 101
Baltimore, Maryland 21202

_____/s/_____
**AARON A. NICHOLS, ESQ.    BAR NO.: 19563**